UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
THOMAS PUGH,

          Plaintiff,

    -against-

ANTHONY WRIGHT, Parole Officer;
MELINDA DIXON, Parole Officer; and
JOHN DOE UNZEL, Supervisor Parole
Officer, individual and official capacity;

          Defendants.
----------------------------------------------------------x

NOT FOR PRINT OR
ELECTRONIC PUBLICATION

**MEMORANDUM AND ORDER**

13-CV-7350 (ARR)

ROSS, United States District Judge:

On December 13, 2013, plaintiff Thomas Pugh, who was then detained at Rikers Island, filed this pro se action pursuant to 42 U.S.C. § 1983 in the United States District Court for the Southern District of New York. The complaint was transferred to this Court on December 26, 2013. Plaintiff filed a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915, but he did not file a Prisoner Authorization form permitting the withdrawal of funds from his prison trust account, as is required by the Prison Litigation Reform Act ("PLRA"). The Court sent him a deficiency letter, and plaintiff filed his Prisoner Authorization form on January 23, 2014. Plaintiff also requested leave to amend his complaint, which was granted, but plaintiff has not yet filed an amended complaint.

Plaintiff's request to proceed in forma pauperis is granted, but the complaint is dismissed for the reasons set forth below, with leave to replead within 30 days of the date of this Order.

### BACKGROUND

According to the Complaint, Plaintiff was required to report to his parole officer as part of the conditions of his release from incarceration. Compl., Dkt. #2, at ECF 7. On April 19,

2013, he reported to an unnamed parole officer and submitted to a urine test for drugs. Id. "[D]efendant claimed that urine test was unconclusive [sic] for drug use." Id. "Defendant claimed he was going to report the condition of the urine to his supervisor, he further claimed that the supervisor ordered him to issue a warrant and hold plaintiff." Id. Plaintiff was then taken to be processed at the Queens House of Detention. Id. "Plaintiff was instructed by defendant to waive his preliminary hearing and that when the urine was found clean he would be revoked and restored to parole supervision." Id. Plaintiff alleges that he was never informed that the drug test was negative. Id. at ECF 8. He had a parole hearing on May 5, 2013, at which he "was offered a 97 day Willard Drug Treatment Program" but "remained mute to innocents of guilt" [sic]. Id. at ECF 7-8. "On or about May 7, 2013, plaintiff received from defendant another set of violation papers, which mentioned nothing of the urine test but stated that plaintiff admitted to the use of cocaine 3 days prior to his report day." Id. at ECF 8.

Plaintiff asserts that the unnamed defendant's failure to inform him of the results of the urine test violated his right to due process and additional rights under the Eighth and Fourth Amendments, along with various state law claims. Id. at ECF 8, 10, 12-14. He seeks millions of dollars in monetary damages. Id. at ECF 14.

## DISCUSSION

### A. Standard of Review

A district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A. The court is required to read a plaintiff's pro se complaint liberally and to interpret it as raising the

2

strongest arguments it suggests, particularly where, as here, plaintiff's complaint may be read to allege civil rights violations. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191 (2d Cir. 2008). Upon review, however, a district court shall dismiss a prisoner's complaint sua sponte if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A; Liner v. Goord, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that, under PLRA, sua sponte dismissal of frivolous prisoner complaints is mandatory). Similarly, a district court shall dismiss an in forma pauperis action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## B. Challenge to Parole Revocation Proceedings

Plaintiff is seeking money damages for alleged violations of his constitutional rights that occurred during parole revocation proceedings. Violations of a plaintiff's constitutional rights may be cognizable under 42 U.S.C. § 1983, which provides a procedure for redressing the deprivation of rights, privileges or immunities secured by the Constitution or laws of the United States. Sykes v. James, 13 F.3d 515, 519 (2d Cir. 1993) (citing City of Oklahoma City v. Tuttle, 471 U.S. 808 (1985)).

However, plaintiff cannot use Section 1983 to challenge his parole revocation proceeding and his return to custody. Heck v. Humphrey, 512 U.S. 477 (1994), holds:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must

3

> prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

Heck, 512 U.S. at 486-87. Heck applies to parole revocation decisions. See Lee v. Donnaruma, 63 Fed. Appx. 39, 41 (2d Cir. 2003) (collecting cases); Hannah v. Davis, No. 08-CV-116F, 2008 WL 516750, at *2 (W.D.N.Y. Feb. 25, 2008) ("Heck and its 'favorable termination' rule applies to Section 1983 actions that challenge the fact or duration of confinement based on the revocation of parole."); Davis v. Cotov, 214 F. Supp. 2d 310, 316 (E.D.N.Y. 2002) (plaintiff's Section 1983 claim that his parole violation was based on an improper arrest and that his parole revocation was the result of inadequate proceedings can only proceed if plaintiff has "succeeded in establishing the invalidity of his parole revocation in an appropriate state or federal proceeding"). The underlying basis for the holding in Heck is "that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." Heck, 512 U.S. at 486.

Thus, Heck precludes plaintiff from bringing a Section 1983 action for damages based on the allegedly false testimony and deceptive actions of his parole officer, unless the parole revocation decision has already been invalidated. Plaintiff does not allege that the parole decision was invalidated. Accordingly, plaintiff's claims against the defendant parole officers must be dismissed pursuant to Heck. 28 U.S.C. § 1915A(b)(1); see also Amaker v. Weiner, 179 F.3d 48, 52 (2d Cir. 1999) (dismissal under Heck is without prejudice, because suit may be reinstituted if revocation is overturned).

### C. Leave to Amend

On January 8, 2014, plaintiff filed a request to file an amended complaint, which was granted by endorsed order on January 16, 2014. To date, plaintiff has not yet filed an amended complaint. In light of plaintiff's pro se status, the Court grants plaintiff an additional 30 days from the date of this Order to file an Amended Complaint that states a claim upon which relief may be granted. The amended complaint must be captioned, "Amended Complaint," and shall bear the same docket number as this order. The Amended Complaint shall completely replace the original complaint.

## CONCLUSION

For the reasons set forth above, plaintiff's claims against the named defendants are dismissed pursuant to 28 U.S.C. § 1915A(b)(1). The Court grants plaintiff leave to file an amended complaint as directed above, within 30 days of the date of this order. If plaintiff fails to file an amended complaint within 30 days, the complaint shall be dismissed and judgment shall enter. No summonses shall issue at this time, and all further proceedings shall be stayed for 30 days. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

/S/ Judge Allyne R. Ross
ALLYNE R. ROSS
United States District Judge

Dated: February 14, 2014
Brooklyn, New York

5

**SERVICE LIST:**

Plaintiff
Thomas Pugh
B&C# 4411310125
Willard Drug Treatment Campus
7116 Country Road 132, P.O. Box 303
Willard, NY 14588