UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
THOMAS PUGH,

                Plaintiff,

        -against-

ANTHONY WRIGHT, Parole Officer;
MELINDA DIXON, Parole Officer; and
JOHN DOE UNZEL, Supervisor Parole
Officer, individual and official capacity;

                Defendants.
----------------------------------------------------------x

NOT FOR PRINT OR
ELECTRONIC PUBLICATION

**MEMORANDUM AND ORDER**

13-CV-7350 (ARR)

ROSS, United States District Judge:

On December 13, 2013, plaintiff Thomas Pugh, who was then detained at Rikers Island and is now in custody at the Willard Drug Treatment Campus in Willard, New York, filed this pro se action pursuant to 42 U.S.C. § 1983 in the United States District Court for the Southern District of New York. The complaint was transferred to this Court on December 26, 2013. Plaintiff filed a Prisoner Authorization pursuant to the Prison Litigation Reform Act ("PLRA") on January 23, 2014.

The instant action was filed as a Civil Rights action pursuant to 42 U.S.C. § 1983 and seeks money damages related to a parole revocation proceeding. By Order dated February 14, 2014, the Court dismissed the complaint because Heck v. Humphrey, 512 U.S. 477 (1994), precludes a Section 1983 action for damages based on the parole revocation proceeding, unless the revocation decision has already been invalidated. See Lee v. Donnaruma, 63 F. App'x 39, 41 (2d Cir. 2003) (collecting cases); Hannah v. Davis, No. 08-CV-0116F, 2008 WL 516750, at *2 (W.D.N.Y. Feb. 25, 2008) ("Heck and its 'favorable termination' rule applies to Section 1983 actions that challenge the fact or duration of confinement based on the revocation of parole.");

Davis v. Cotov, 214 F. Supp. 2d 310, 316 (E.D.N.Y. 2002) (plaintiff's Section 1983 claim that his parole violation was based on an improper arrest and his parole revocation the result of inadequate proceedings can only proceed if plaintiff has succeeded in establishing the invalidity of his parole revocation in an appropriate state or federal proceeding). The Court granted plaintiff leave to amend his complaint, but he has not yet filed an amended complaint.

On March 17, 2014, the Court received plaintiff's request that this action be held in abeyance while a "New York State Habeas Corpus" is pending in the New York State Court, Queens County. (ECF Entry # 12; Plaintiff's Letter dated March 9, 2014.) Plaintiff has not indicated the scope or the purpose of the state court proceeding, or suggested how the state proceeding may impact this federal action.

The instant complaint is dismissed without prejudice. Plaintiff may move to reopen this case under the same docket number within one year, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

/S/ Judge Allyne R. Ross
ALLYNE R. ROSS
United States District Judge

Dated: Brooklyn, New York
April 10, 2014

**SERVICE LIST:**

<u>Plaintiff</u>
Thomas Pugh
B&C# 4411310125
Willard Drug Treatment Campus
7116 Country Road 132, P.O. Box 303
Willard, NY 14588